UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CIVIL ACTION NO. 05-75

JERRY GRITTON.                                                                                   PLAINTIFF

v.                         **MEMORANDUM OPINION & ORDER**

WILLIAM DAVID DISPONETT, et al.                                                 DEFENDANT

\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on Motions to Dismiss filed by Defendants Richard Murgatroyd [R.10], the Commonwealth of Kentucky Transportation Cabinet. [R.11] and the Kentucky Republican Central Executive Committee [R.12].

### I.      Factual Background

Plaintiff, Jerry Gritton, is an employee of the Commonwealth of Kentucky Department of Transportation ("Transportation Cabinet"). Prior to November 1, 2004, Gritton, a registered Democrat, was assigned to the Transportation Cabinet's Anderson County office as a Superintendent II. In his complaint, Gritton alleges that in March 2004, he was approached by an individual acting for and with the express authority of Kentucky Republican Party Treasurer William David Disponett ("Disponett"). Gritton claims that Disponett's representative attempted to coerce him into vacating his job in Anderson County so that it could be filled by a political associate and relative of Disponett. Gritton further asserts that in August 2004, a Transportation Cabinet Engineer advised him in essence that "the administration" wanted Gritton transferred because it "wanted his job." Subsequently, on November 1, 2004, Gritton was transferred from Anderson County to Fayette County. The vacancy in Anderson County was filled by Disponett's nephew. Gritton claims that the involuntary transfer was politically motivated and that as a result, he has lost opportunities for

overtime pay and incurred additional travel expenses and employment taxes.

### II. Claims for Relief

In his complaint, Gritton seeks damages and injunctive relief pursuant to 42 U.S.C. § 1983 on grounds that all defendants knowingly conspired among themselves and with others to participate in an illegal patronage system that adversely affected Gritton's employment. Gritton also claims that by engaging in an "unconstitutional policy" of penalizing political opponents, Defendants violated his federal constitutional rights of free speech and association. Further, Gritton alleges that Defendants violated his state constitutional right "to be free of arbitrary action," and finally, he asserts that he was wrongfully discharged under Kentucky law.

### III. Analysis

In considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), all of the allegations contained in the plaintiff's complaint must be accepted as true, and the complaint must be construed liberally in favor of the non-moving party. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Dismissal is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations in the complaint. *Inge v. Rock Financial Corp.*, 281 F.3d 613 (6th Cir., 2002) (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984))(internal quotations omitted.). However the Court need not accept as true any legal conclusions or unwarranted factual inferences contained therein. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1971).

Each of the moving parties asserts a different basis for the motions to dismiss. Accordingly, the motions will be considered separately herein.

#### A. Kentucky Transportation Cabinet

The Eleventh Amendment to the United States Constitution preserves the sovereign

immunity of states and bars all claims against them in federal court absent their consent. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 97-98 (1984). Thus, the Commonwealth of Kentucky and its agencies are immune from actions for damages or injunctive relief in federal court. In his response to its Motion to Dismiss [R.11], Gritton provides no authority which suggests any of his claims should go forward against the Transportation Cabinet. Accordingly, the suit against the Kentucky Transportation Cabinet will be dismissed.

### B. Richard Murgatroyd

As stated above, The Eleventh Amendment to the United States Constitution preserves the sovereign immunity of states and bars all claims against them in federal court absent their consent. This Amendment also bars suits seeking monetary damages against individuals in their official capacities, but does not preclude suits seeking prospective injunctive relief against state officials. *Thickol Corp v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993) (citing *Ex parte Young,* 209 U.S. 123 (1908)). However, Murgatroyd is no longer a state official and can neither reinstate Gritton to his former position nor transfer any other state employees.[1] Therefore, the claim for injunctive relief will be dismissed along with all other claims brought against Murgatroyd in his official capacity.

Defendant Murgatroyd relies upon the doctrine of qualified immunity in seeking dismissal of Gritton's claims against him individually. Generally, government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

---

[1] Plaintiff does not dispute that Defendant Murgatroyd's term as Deputy Secretary of the Kentucky Transportation Cabinet ended in 2005, after the complaint was filed in this action.

known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether this standard is met, the Court must engage in a three-step analysis. First, it must determine whether the facts viewed in the light most favorable to the plaintiff show that a constitutional violation has occurred. Second, the court must consider whether the violation was of a "clearly established right." Finally, the Court must assess whether the defendant's alleged conduct was objectively unreasonable in light of the clearly established law. *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003). *See also, Sample v. Bailey*, 409 F.3d 689 (6th Cir. 2005) (noting that the Sixth Circuit's three part-test articulated in *Feathers* comports with the Supreme Court's two-step inquiry outlined in *Saucier v. Katz*, 533 U.S. 194 (2001)).

All three *Feathers* factors are present in the Complaint, which states that Murgatroyd, a state hiring official, conspired to take an adverse employment action against Gritton because of his known political party affiliation. Without question, freedom of political association is a constitutional right clearly established in the First Amendment to the United States Constitution. *Rutan v. Republican Party of Illinois*, 497 U.S. 62 (1990). *See also, Elrod v. Burns*, 427 U.S. 347 (1976) and *Branti v. Finkel*, 445 U.S. 507 (1980). Further, as a state hiring official, Murgatroyd was statutorily prohibited from discriminating against merit system employees because of their political affiliation.[2] KRS 18A.140. Accordingly, Murgatroyd is not entitled to qualified immunity and Plaintiff may proceed on his §1983 claims against him in his individual capacity.

As the Court has previously noted, Murgatroyd is no longer employed by state government and cannot effectuate the injunctive relief sought in the complaint. Accordingly, Gritton's request

---

[2]The Complaint fails to allege that Gritton was a "classified" employee protected by Kentucky's merit protection law. In fact, the Complaint makes no reference to statutory scheme that comprises Kentucky's merit protection system. However, Murgatroyd does not dispute Gritton's status as a protected employee.

for injunctive relief is moot and will be dismissed. In his written response [R.17], Gritton does not address Murgatroyd's Motion to Dismiss the remaining claims. The Complaint does not articulate any sustainable legal theory in support of the wrongful discharge claim and fails to identify a basis for recovery under Section 2 of Kentucky's Constitution, which does not provide a cause of action against private actors. Accordingly, these claims will be dismissed.

### C. Republican Party of Kentucky

In his complaint, the Plaintiff seeks relief under 42 U.S.C. §1983 from a private actor, the Republican Party Central Executive Committee, a/k/a Republican Party of Kentucky ("Republican Party of Kentucky").[3] Generally, §1983 does not apply to private actors and imposes liability for constitutional violations committed by government actors, unless the conduct allegedly causing the deprivation of the federal right is fairly attributable to the state. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 947 (1982). There are three tests for determining whether private conduct is fairly attributable to the state:

> The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state. . . . The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship (i.e. through state regulation or contract) between the state and the private actor so that the action taken may be attributed to the state.

*Tahfs v. Proctor,* 316 F. 3d 584 (6th Cir. 2003)(internal citations and quotations omitted); *Chapman v. Higbee Co.*, 319 F.3d 825 (6th Cir. 2003)(en banc); *Romanski v. Detroit Entertainment, L.L.C.*, 428 F 3d 629, 636 (6th Cir 2005)(rehearing and rehearing en banc denied).

The Complaint fails both the public function and the state compulsion tests. It alleges

---

[3]Plaintiff does not dispute that the Republican Party of Kentucky is a private actor.

neither that the Republican Party had the ability to take personnel actions nor that the State coerced the Republican Party to take any action violating Gritton's constitutional rights. The Complaint also fails to allege any facts or sustainable theories that satisfy the nexus test, which requires the articulation of a sufficiently close relationship between the state and the private actor so as to justify the attribution of private conduct to the state.  In the Complaint, Gritton alleges:

1. Defendant Disponett was employed as the Treasurer of the Republican Executive Committee and served unofficially as the individual within the governor's office and a contact with the Department of Transportation, who participate in personnel decisions; and

2. That the Republican Executive Committee conspired with other named Defendants in violating Plaintiff's constitutional rights.

Complaint at ¶¶ 3,5. The Complaint does not allege any specific act of the Republican Party, nor does it allege that any defendant acted at its direction or with its authorization. Although conspiracy allegations *may* support a §1983 claim against private actors, the law as enunciated by the Sixth Circuit in *Tahfs* requires Plaintiffs to allege some kind of *action taken* on the part of private actors which may fairly be attributed to the state. *Tahfs* at 591-592. Here, rather than identifying conduct, the Complaint merely identifies an "outcome" from which Plaintiff not only concludes that a conspiracy existed, but also that the Republican Party was a member. Without more, such conclusory allegations do not establish that the Republican Party of Kentucky was a state actor in the context of Plaintiff's §1983 claim.[4]

---

[4]In response to the Motion to Dismiss, Plaintiff contends that in *Rutan v. Republican Party of Illinois*, 497 U.S. 62 (1990), the "United States Supreme Court *specifically held* that political organizations such as the Republican Party can be held liable for their participation in operating a political patronage system that conditions public employment on "political allegiance." [R. 17, p.6]. However, Plaintiff misconstrues the holding in that case. In *Rutan,* the Supreme Court held that " promotions, transfers, and recalls after layoffs based on political affiliation or support are an impermissible infringement on the First Amendment rights of public employees." *Rutan* at 75. In extendng its earlier First Amendment prohibitions against political firing to other kinds of adverse employment actions, the Supreme Court stated, "The First Amendment prevents the *government*, except in the most compelling

Even if this Court were to find that the Republican Party of Kentucky was a state actor for purposes of a civil rights action, the §1983 claim must still be dismissed because Plaintiff has failed to properly plead a civil rights conspiracy. The Sixth Circuit has held that "[C]laims of conspiracy must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a §1983 claim." *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). As previously stated, there are no facts alleged in the Complaint which would support the conclusion that the Republican Party directed or authorized Disponett's alleged violations of Gritton's constitutional rights. In failing to assert *any* identifiable action by the Republican Party, Plaintiff has not only failed to meet the heightened pleading standard required in §1983 conspiracy cases, but he may also have failed to satisfy the minimal notice pleading requirements of the Federal Rules of Civil Procedure.

In his response to the Motion to Dismiss [R. 19], Gritton does not address the Republican Party's Motion to Dismiss the state law claims. Because the complaint fails to identify any legal basis for the wrongful discharge claim and Section 2 of Kentucky's Constitution does not apply to private actors, all of Gritton's claims against the Republican Party of Kentucky must be dismissed. Having determined that Gritton's claims against the Republican Party should be dismissed on other grounds, the Court need not reach the Statute of Limitations argument.

**WHEREFORE,** For reasons stated above:

1. The Kentucky Transportation Department's Motion to Dismiss [R.11] is hereby GRANTED and all claims against it are hereby DISMISSED.

---

circumstances, from wielding its power to interfere with its employees' freedom to believe and associate, or not to believe and associate. *Rutan* at 76 and 79. *See also Elrod v. Burns* 427 U.S. 427 U.S. 347 (1980) and *Branti v. Finkel*, 445 U.S. 507 (1976).

    2.      Richard Murgatroyd's Motion to Dismiss [R.10] is GRANTED IN PART and DENIED IN PART.

          a.      All claims brought against Murgatroyd in his *official capacity* are hereby DISMISSED.

          b.      The following claims against Murgatoyd in his *individual capacity* are hereby DISMISSED:

              1.      the claim for injunctive relief;

              2.      the state law claim for wrongful discharge; and,

              3.      the Kentucky constitutional claim.

          c.      Plaintiff's 42 U.S.C. §1983 claim against Murgatroyd in his individual capacity will not be dismissed and the action will go forward.

    3.      The Kentucky Republican Executive Committee's Motion to Dismiss [R.12] is hereby GRANTED and all claims against it are hereby DISMISSED.

This the 6th day of September, 2006.

Signed By:
*Karen K. Caldwell*
United States District Judge