UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT FRANKFORT**

| | | |
|---|---|---|
| JERRY GRITTON, | ) | |
| | ) | Civil Action No. 3:05-75-JMH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM DAVID DISPONETT, | ) | **MEMORANDUM OPINION AND ORDER** |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**        **        **        **        **

This matter is before the Court on Plaintiff's Motion to Alter or Amend the Judgment and for Relief from the Judgment [Record No. 69]. Defendants William David Disponett and Richard Dick Murgatroyd have responded [Record No. 70 and 71, respectively]. The time for reply has expired. The Court being sufficiently advised, this motion is ripe for decision.

The purpose of a Fed. R. Civ. P. 59(e) motion to alter or amend a judgment is to enable a Court to correct manifest errors of law or fact or to consider the importance of newly discovered evidence. *See Helton v. ACS Group*, 964 F.Supp. 1175, 1182 (W.D. Ky. 1997). A party should not file such a motion for the purpose of relitigating issues already presented before the Court. *See id.* at 1182. Fed. R. Civ. P. 59 is not intended to allow a party to "rehash" old arguments. *Id*. Thus, the Court will grant relief for said motion under the following circumstances: "(1) An intervening change of controlling law; (2) Evidence not previously available

has become available; or (3) It is necessary to correct a clear error of law or prevent manifest injustice." *Id*. Rule 60(b) permits relief from an order or final judgment where a party has "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

Upon reviewing the motion to alter, amend, or vacate the Court's November 14, 2007 order, and for relief from the judgment entered on the same day, the Court notes that the plaintiff has not made any allegations regarding a change in the controlling law for this case. Further, the Court is not convinced that its Order of November 14, 2007, contained any clear errors of law.

Neither has Plaintiff Gritton submitted evidence not previously available, i.e., newly discovered evidence. Plaintiff knew of the existence of Mr. Druen and, no doubt, knew of or could have discovered the existence of Ms. McCray during the lengthy discovery period in this matter. He had ample opportunity to investigate this matter, to interview or notice the depositions of Mr. Druen and Ms. McCray, and to timely obtain the evidence they could offer or note and attest to his inability to obtain it.[1] The

---

[1]
The failure of Plaintiff's counsel to offer affidavits under Fed. R. Civ. P. 56(f) at the time of filing his Response to the Defendants' Motions for Summary Judgment is not excused by their tardy efforts associated with the present motion. Even if the Court were to reconsider its decision on the Defendants' motions for summary judgment using the Rule 56(f) affidavits tardily

evidence is not previously unavailable nor, even if considered newly discovered evidence, that which could not have been discovered with reasonable diligence.

In conclusion, Plaintiff has not stated adequate grounds for relief under Fed. R. Civ. P. 59 or 60, and the Court will not reconsider its November 14, 2007, order or relieve Plaintiff from the judgment of the same date.

Accordingly, **IT IS ORDERED**, that Plaintiff's Motion to Alter or Amend the Judgment and for Relief from the Judgment [Record No. 69] shall be, and the same hereby is, **DENIED**.

This 27th day of December, 2007.



Signed By:

**_Joseph M. Hood_**

**Senior U.S. District Judge**

---

submitted by counsel, the Court notes that it could not consider Dan Druen's unsworn statement, even though he is might be considered "unavailable." Now that Druen has asserted his Fifth Amendment right against self-incrimination in response to questions about his involvement in the events giving rise to this case, his unsworn statement – even if otherwise admissible – must be stricken on those grounds and not considered by the Court. *See Tolliver v. Federal Republic of Nigeria*, No. 03-2341, 2005 WL 783350, *2 (6th Cir., Apr. 8, 2005) (citing *In re Edmond,* 934 F.2d 1304, 1308 (4th Cir.1991); *In re Parcels of Land,* 903 F.2d 36, 43 (1st Cir.1990)).